## THE PEOPLE v. CURET.

### APPEAL from the District Court of San Juan.

No. 282.—Decided December 15, 1910.

JUDGMENTS IN CRIMINAL CASES—HOW SAME SHOULD BE RENDERED.—The manner of compliance with judgments in criminal cases cannot be left to the election of the accused, and for that reason such judgments should not be rendered in an alternative form condemning the defendant to pay a fine, or, in case of failure to pay the fine, to serve a term of imprisonment; and, when the judgment is rendered by a district court, it should specify that, in case of the failure of the defendant to pay the 'fine, he shall serve a term of imprisonment to be designated, which shall not exceed one day of imprisonment for each dollar of the fine remaining unpaid, and in no case shall the imprisonment be greater than that provided for by law.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case comes to us without any brief for appellant, bill of exceptions or statement of facts, and the *fiscal* asks for an affirmance of the judgment of the district court for lack of any fundamental error. It is true that there is no fundamental error apparent from an examination of the record; but there is a formal error nevertheless. The judgment is in the following words:

"Session of June 18, 1910. The hearing of this case having taken place, the court, after duly considering the same, found the accused guilty of the crime charged against him, and condemned him to the payment of a fine of thirty dollars or thirty days imprisonment."

We have more than once disapproved of this form of judgment and recently, in a libel case, we use the following language:

"But it seems that the judgment is not sufficiently clear, because it leaves it to the discretion of the accused to pay one hundred dollars or suffer three months' imprisonment, and said discretion is not

granted by the law to the accused, but to the judge. Admitting, as we do, that the fine of one hundred dollars has been justly imposed, we are of the opinion that, in compliance with the provisions of section 332 of the Code of Criminal Procedure, the length of the term of imprisonment to be suffered by the accused in default of the payment of the fine, ought to have been fixed, and said term of imprisonment must not exceed one day for each dollar left unpaid, and in this case not to exceed three months altogether." (*People of Porto Rico* v. *Muñoz Rivera* [16 P. R. Rep., 126], decided December 1, 1910.)

In accordance with this opinion, which we here reaffirm and approve, the judgment in this case must, in accordance with section 364 of the Code of Criminal Procedure, be modified in a similar manner; and should read as follows:

"IN THE DISTRICT COURT FOR THE JUDICIAL DISTRICT OF SAN JUAN.

| *The People of Porto Rico* v. *Pedro Curet.* | No. 1367. | Breaking speed regulations for motor cars. |
|---|---|---|

"To-day the first of June, 1910, this cause, proceeding from the municipal court of San Juan, was called for trial in its regular order. The People of Porto Rico appeared by its prosecuting attorney, and the accused, Pedro Curet, appeared in person and by his attorney, both parties announcing themselves ready for trial. The complaint was read to the accused who pleaded not guilty; the evidence was heard and the court, having duly considered the case, finds the accused guilty of breaking the speed regulations for motor cars, and in consequence thereof renders judgment condemning the defendant to pay a fine of thirty dollars and, in case he should make default in the payment of said fine, he shall be confined in jail one day for each dollar which remains unpaid, said alternative imprisonment not to exceed thirty days; and further condemning the defendant to pay all costs of this prosecution."

With a modification to this effect, the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.